the United States v. Rodrick Hamilton. Good morning. May it please the Court, my name is David Howard, and I'm appointing counsel for Mr. Rodrick Hamilton. We raised four issues on appeal. There is only one that we'd like to devote our oral argument time to argue, and that is issue two. Issue two is stated in the brief that Mr. Hamilton's conviction should be reversed based on the prosecutor's impermissible comments on his silence during the government's closing argument, opening closing, and its rebuttal closing. The pertinent facts are that during closing argument, the government made reference to a comment that was made by, through testimony of somebody with whom Mr. Hamilton had had a relationship. This was a comment that was made post-robbery when a car was seen to have been engaged in an accident and subsequently, maybe three minutes after the alleged robbery or the robbery took place. During the testimony, Mr. Hamilton's friend testified that he told her to call and falsely report to the police that the vehicle that was in the accident had been stolen. She also testified that the night before, she had seen him take possession of the same vehicle. The comment at issue is, and I quote, what possible explanation is there for telling Perley Scott to falsely report the car stolen? There's no reasonable explanation for the evidence presented by the Defense Council, but he doesn't say there's no reasonable explanation for the evidence presented by the defendant. The prosecutor never uses the defendant's name or the term defendant during closing argument, does he? He's just commenting on the evidence presented by the defense, by Defense Council. That's the way I read the record. Am I wrong about that? Well, you're wrong in the sense that he is making an argument which could have properly be framed, but when the government directs the jury's attention to the absence of an explanation that only Mr. Hamilton could provide by way of his own testimony, they're asking for the purpose. He uses the word Mr. Hamilton in his testimony? He does not. Okay, I didn't think so. That's the problem I have with your argument. Well, except to the extent that Mr. Hamilton is the only person that could provide the explanation, it necessarily directs the jury's attention to the absence. His lawyer provides the explanation, right? He couldn't do it without the question was pointed at an explanation for the intended purpose of an instruction that Mr. Hamilton gave. There is no way to reach the intended purpose of a statement he gave, but through his own testimony. There is no other person on the planet that can provide that testimony. So it necessarily draws the jury's attention to the absence of evidence that only he, through his testimony, could provide. And then it compounds the error the government did in the rebuttal closing when the statement was phrased in this manner. There's been no reasonable explanation offered. At this point, we're talking about not only the absence or a legal conclusion, but the failure to offer an explanation, which is a failure to offer evidence that only he could provide, and therefore it draws the jury's attention. The problem is we have an 11th Circuit case. It's the United States v. Hernandez. It's cited in the briefs. A 1998 case. And we said that we've repeatedly held that a comment on the failure of the defense rather than the defendant himself to counter evidence does not violate the privilege against self-incrimination. And there are definitely circumstances in which that would be the case. But if the defense can only provide that explanation through the testimony of the defendant because he's the only person through whom that evidence could be obtained, then it is alerting the jury to the absence of evidence that could only be provided by the defendant's testimony. But wasn't the comment really going to a bundle of evidence, including a series of circumstances in this case? The case law that Judge Wilson was referring you to says that a comment would only be deemed to be a reference to the defendant's silence if either, one, it was the prosecutor's manifest intention to refer to the defendant's silence, or two, the remark was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's silence. So our contention would be that... The first or the second? Both, but the second more than the first. Simply because if I had walked in for oral argument late and you said, why is he late? I would be the only one that could provide that explanation as I walk in here. The question was, why did Mr. Hamilton instruct Ms. Scott to falsely report the car stolen? That is his mental impression. That's his purpose for giving her that instruction. There's no way that that explanation could be provided without him voicing what his intentions were. So it necessarily calls for his testimony, and it naturally does to the extent that the government was saying that no evidence was offered about his car being, his phone being in the car and the car leaving his possession. Right, but aren't those pieces of circumstantial evidence? The car is wrapped up, his phone is in the car, there's blood in the car. There are a series of circumstances that go far beyond and have little to do with the defendant's testimony. These are circumstances that all point in one direction. Well, I guess what I'm really asking again is how are we to take these two comments, the one that the prosecutor made on direct and then in rebuttal, as naturally and necessarily focusing on and demanding an explanation from the defendant, even if his name wasn't used? Because he's the only one that could provide it. And I'm not saying that the argument that the government was making was improper or could not be made in a proper way. The prosecutor could have said that it's inconceivable, that it's unreasonable to believe, but when it calls for an explanation that only the defendant could provide, the manner in which it was framed amounts to more than just mere semantics. It directs the jury's attention to the fact that there is evidence and an explanation, there's evidence that is missing by way of an explanation that only the defendant could provide. And so it invites the jury to question whether or not Yeah, maybe if he'd added only the defendant could provide it, then there would be a violation of his right against self-incrimination, but the prosecutor doesn't go that far. But it is necessarily implied. So we would have to either assume that the jury, having paid attention throughout the proceedings, could not make the connection that that was the only source of the information, which I don't think it's fair to assume, we have to assume that they realized. Only he can tell us what he meant and that evidence is missing. And because that evidence is missing, he's the person that is at fault by failing to take the stand and explain the absence of evidence with which the government took issue. Did you want to say in the few moments you had left anything about the other issues? You raised the flight instruction issue and a couple of other issues as well as the upward departure in the sentence. We rest on the papers with respect to those issues. Good morning. Good morning, Your Honors. May it please the court, John Taddy for the United States. I'll address the particular issue that Appellant's Counsel was focused on, which is the government's closings. Judge Marcus, as you alluded to, the standard here really that we're talking about is whether or not the prosecutor's comments would naturally and necessarily be taken by the jury to be a comment on the defendant's silence. And the facts just don't support that. These two particularly isolated comments over the course of a closing argument in which the government focused on, I think it was ten different aspects of the evidence that supported guilt here, do not lead to that natural and necessary inference. Well, why not? Let's look at the rebuttal. Yes, the rebuttal. Specifically, Mr. Howard makes reference to the government's rebuttal argument at the end of which the prosecutor says there's no reasonable explanation for why his cell phone, referring to the defendant, would have been in the car if it wasn't for him. He says the only person on God's earth who could possibly answer the question would have been the defendant to explain how his cell phone came to be in the car that was at the scene of the Hobbs Act robbery. I think there's two separate issues nestled within that issue, Your Honor. One is a factual issue. First of all, the statement there is no reference to the defendant himself. It's a reference to particular evidence and erasing any reasonable innocent explanation the jurors may have been considering. The defense counsel's argument to rebut the government's argument is just not true. Defense counsel, during its closing argument, spent a significant amount of time attacking aspects of the evidence that were presented. That's what closing argument is about. It's about the government trying to meet its burden beyond a reasonable doubt, which is a substantial burden, to erase all reasonable doubt that may possibly exist within the jurors' minds. And then defense counsel stood up and attempted to chip away at that argument and establish reasonable doubt. That's what was done. They tried to attack the credibility of Pearlie Scott by talking about her criminal record to poke holes in other circumstantial evidence regarding a tire and other reasons for why. But let me ask you, was Pearlie Scott the girlfriend in a position to explain how the defendant's phone got in the car? I mean, she was registered to the car. She may not have been able to specify. Right, but the phone was registered to him, not to her, right? Yes, that's correct, Your Honor. And the car was registered in his name? It was duly registered in both of their names is my understanding. She was the primary user, and he rarely used it, so it made it even more unusual that she would have, that he would have asked to use it. I don't have the closing argument in front of me, but what if the prosecutor stands in front of the jury and says, where is the explanation for his cell phone being in the car? Where is that explanation? Would that violate his privilege against self-incrimination because that's, you know, implying that he should get up there and testify to that? Well, implying isn't enough, first of all, Your Honor. I think the answer is no to answer your question. It's certainly closer to the line of naturally and necessarily leading to that inference, but that's not the facts that we have here. The comment is, is there's been no reasonable explanation offered for how the car got out of Mr. Hamilton's possession. There's several cases cited in our briefs. You mentioned one, Judge Wilson and Hernandez. There's Bryant, which talks about how the testimony was unrebutted. The court said that point the government was trying to make was that the evidence itself was unrebutted by counsel, even more closely to the facts here. The comment that they really take issue with is no reasonable explanation. In Rutkowski, the prosecutor's comment was there's no explanation for particular incriminating evidence. The court found that that was not a necessary inference on the defendant's failure to testify. In Norton, is any other explanation reasonable? Again, comparable language. In Bryant, as I mentioned, the standard that this court has established in that case in Rutkowski is that these are comments on logical inferences from all of the evidence rather than an argument requiring a negative inference from the defendant's failure to testify. Even if it were close to the line, Your Honors, this court's analysis in terms of a prosecutor's comments in the context of the overall jury instructions that are offered is also very important. Repeatedly, this court has said that jury instructions can cure any potential prejudice from the argument that comes close to the line. In this case, the district court was very careful in repeatedly instructing the jury that it's the government's burden to prove its case beyond a reasonable doubt, that it was the defendant's right not to testify, and that the government's argument was not evidence. So even if this came close to the line, any instruction that was offered on those topics would have cured any potential prejudice, particularly considering the standard for whether prosecutorial misconduct of this alleged nature constitutes a due process violation is whether the commentary so infected trial with unfairness as to basically destroy the due process of the defendant. Let me come at the question again. And while the defendant's name wasn't used, this effectively led to the natural and necessary inference that this was a comment about his refusal to testify. What I want you to tell me when I highlight each of these two comments is what other piece of evidence or collection of circumstantial evidence could have been used to justify his refusal to testify. Would offer an explanation other than the inference that the defendant and he alone could have answered it. First, there's no possible explanation for telling Pearlie Scott to falsely report the car stolen if Hamilton wasn't involved. Is there anyone else or any other piece of circumstantial evidence that could provide an explanation? Other than the testimony of the defendant? Yes, and they made it during case to tell me what it would be a pearly Scott lying that she's not being truthful. Her criminal history and her actions suggest that when she testified, she wasn't being fully truthful with respect to this particular piece of information is one possible explanation. And again, Your Honor, I don't want to push back at the premise of your factual questions. But I think that the concept, you know, I will get to the concept in a minute. I just want you to help me actual evidence. The circumstances and the inferences that might reasonably be drawn from that evidence. So you say it's with respect to there being no other possible explanation of falsely report. Well, their claim is it didn't happen. Pearlie Scott was lying, and that had nothing to do with the defendant's testimony. The second one was again for why his cell phone was found in the car that was at the scene of the robbery. Your Honor, if I could go back to the first one, too. I mean, thinking on my feet here, there's other possible. Tell me what they might be other possible explanations could be that someone, you know, had taken the car and they didn't want to pay the insurance on it. He's a registered owner, and I'm sort of riffing here, which is why this makes for a difficult inquiry and why this isn't the legal standard. Again, not wanting to push back on your premise. But my point is, is even if I don't offer them here at the podium on the fly, there's numerous explanations that defense counsel could have made for particular pieces of evidence and why they don't support it. They don't support guilt that they could have presented and may have presented a closing argument that I just can't recall. I gave you two right there. What about the second one? The second comment, no reasonable explanation for why his cell phone would have been in the car if it wasn't for him. That's the exact language of the rebuttal. Someone could have stolen his cell phone and placed it in there is one other possibility. Or he let somebody borrow it. Or somebody took it out of their house. And again, I'm sort of thinking on the fly here about hypotheticals of ways in which defense counsel could have attempted to poke holes in particular pieces of fact. And these are not inferences that naturally and necessarily lead to a commentary on defendant's silence. It's one thing to say there's, you know, maybe one explanation that could be offered factually for why something is. And for that to necessarily be a commentary on the defendant's silence. And I'm happy to answer any other factual hypotheticals. On the defendant's failure to testify, would the error have been harmless anyway? Yes, it would have. That's the second standard, Your Honor, regarding the jury instructions. There's sort of two reasons for why it'd be harmless. One reason is the jury instructions cured any potential prejudice. And we presume juries follow their instructions, too. Other evidence, and I noted in the closings that there were basically ten different pieces of evidence that the government highlighted as to why the government had proved its case beyond a reasonable doubt. That evidence, which the district court found to be overwhelming, supported the verdict in this particular case. You have evidence of a video nature and different attire that the defendant was wearing contemporaneous in time to these cases. These particular crimes. You have unusual toll records and communications between the two defendants on the morning that the crime was committed. You have the very fact of the car itself being registered to Mr. Hamilton and crashed in close proximity to the place where she, excuse me, he was living. You have evidence of cell site location and their proximity to the robbery when it occurred. You have the association with Mr. Alexander. You have the testimony of Pearlie Scott. And that's just several of the particular pieces of evidence that suggested strongly beyond a reasonable doubt that the jury's verdict was based on overwhelming evidence. And so for those two reasons, Your Honor, even if this was sort of naturally and necessarily an inference on the defendant's silence in some way, any potential prejudice would have been cured by both the jury instructions as well as the overarching strength of the evidence. So it's not a structural error if it is an error? I don't believe so, Your Honor. Because you don't make the harmless error argument with regard to this issue in your brief. I think that's right, Your Honor, that we don't specifically talk about harmless error. But in this circumstance, I don't see why harmless error would not apply to this particular type of constitutional error and not other constitutional errors to which harmless error does apply. Let me ask you one more question before you sit down. Do you both agree that the sentence is a departure and not a variance? I think it's both. The record is a little muddled, Judge Wilson. I grant you that. The court starts off by using the language of variance, and by the end of the sentencing, it seems like it's a little bit of loose language because the district court goes back and specifically cites sentencing guidelines, Section 4A1.3, and goes through the departure language word for word and then says this is an upward departure. But it also then backstops it with a consideration of the 3553A factors. Both are permissible grounds for the ultimate 170-month sentence that was issued here. I think the record indicates that the district court was more clearly thinking about a departure. But in either way, it was reasonable based on the record created by the district court. I want to go back to the first issue raised by Mr. Howard again just one more time and ask the question this way. If the defendant's name is not used and he's not referred to in any direct way, is there any case that nevertheless by virtue of the circumstances has ever yielded the conclusion that this would be commentary about a defendant's failure to testify? If you don't mention the defendant by name or in some other way, is there any case out there like that? We are not aware of one, Your Honor, and we are not aware of that being the facts of any of the cases cited in the briefs. The only case cited is Griggs, and in that case, the comment was, quote, the defendant has not testified about it. Pretty clear direct reference to the defendant's personal failure not to testify as amounting to a commentary by the prosecution on silence. So no, Your Honor, we're not aware of a case in which the defendant is not directly referenced in that fashion. That constitutes the natural and necessary inference, and that makes sense. The government carries a very heavy burden to prove a case beyond. But you would certainly concede that it's possible that the facts might be of such a compelling variety that the inference is inevitable, ineluctable, even if you don't mention the defendant's name. It is certainly possible. Some circumstances might yield that conclusion without his name being referenced. I think it is possible, and that is the nature of the two-step inquiry that the Court has set forth in Rosenthal. The second factor wouldn't really have much force if there were not a factual scenario that could potentially fit the natural and necessary standard. Thanks very much. Thank you, Your Honors. Mr. Howard, at the outset, help me understand why, even assuming arguendo, we were to agree that the only inference from this set of facts and circumstances is that he was referring to the defendant, and he was asking the jury to infer something based on the defendant's silence. Let's just assume all of that's true for the purposes of my question. Why wasn't the evidence so overwhelming in this case that any error would be harmless here? To frame it that way, I think, Your Honor, I cannot contend that there weren't other aspects of evidence upon which the jury, the government, could have relied, and that there wasn't a reasonable measure of such additional evidence. The right to remain silent, though, and the burden of proof being on the government are two principles of our law that are so sacrosanct that to answer the court's question on whether or not there is ever a case where the defendant is not directly mentioned, I can't answer that either. But the fact that the standard says that instances where the jury would naturally and necessarily take it as a common under defendant's silence pretty much answers that question, whether or not there was ever a factual scenario presented. It would have to be a structural error, right? If the evidence of guilt is overwhelming, the error, the commenting on his right to remain silent, it would have to be a structural error, wouldn't it? Well, I think the first indication that the evidence was not sufficiently overwhelming to obtain a unanimous verdict was the comment of the juror who subsequently alerted to court to the fact that he thought that Mr. Hamilton was innocent. So I think the mere fact that there was one. That goes to whether or not the evidence is overwhelming or not in this case. Certainly. But you would concede, would you not, that if the evidence was overwhelming in this case, even if there was error in the prosecutor's closing argument, you still would lose. Isn't that right? Unless, as Judge Wilson is suggesting, the error is of some kind of structural error. It's not that it isn't a big deal, but his point is, is it structural? And I think the answer clearly is no. This would not be a structural error. So if the evidence was overwhelming, you'd be on the short end of this argument anyway, wouldn't you? In a case where the evidence was sufficiently overwhelming. Tell me why this case isn't overwhelming. Because you had one juror said that after viewing all the evidence, an error, a juror brought it to the attention of the court that he thought Mr. Hamilton was innocent. And it may have been overwhelming to 11 of the 12 people present, but there is one person who we have. I thought the court has to make an independent, objective determination based on all of the evidence whether or not it was overwhelming. Whether a juror later changed his mind or got cold feet and said something in a comment doesn't answer the question of whether it was objectively an overwhelming case or not. I think it has to because there's an element of subjectivity here. This juror didn't say I changed my mind as to his guilt. This juror said I never thought he was guilty at the time I rendered my verdict, but I was misunderstood as to my duty. I thought I was involved in a group project where I had to agree. That's what he said. He didn't say I changed my mind. He said I never thought he was guilty in the first place. So we can't say the evidence was overwhelming to that person because we know as a matter of fact he was not guilty. But is that the test, whether it was subjectively overwhelming to a particular juror who voted guilty, was voir dired, is that your verdict on each count and said yes, yes, yes, and yes? Is that the test? Is the test whether some juror later can take a case that is overwhelmingly and cast sufficient doubt to render it no longer overwhelming? That's the trouble I'm having with the argument. But the only question of the people with whom we entrust a decision as to whether or not the evidence is overwhelming is the jury ultimately before it gets to this court on review. And if there is a juror who said I didn't think he was guilty after all the evidence was presented, we can't conclude that it was overwhelming as to that person. Let me ask the question this way. Holding aside the subsequent letter from the juror, was not this case overwhelming? I would have to defer to the court on that assessment. But I will say this with respect to the alternate explanations that your Honor asked the government for. There could be alternate explanations feasibly for why the gun was in the car, for how the car left his possession. That could come from persons other than his testimony. However, as to what he intended when he gave the instruction to Ms. Scott, that could only come from him. And highlighting that invited the jury to speculate as to his silence. Thank you very much. And thank you both for your arguments. I notice, Mr. Howard, that you are court appointed. We very much appreciate you taking on the burden and representing your client vigorously. With that, we will proceed to the next case, which is Winston Calder versus the Secretary of the Florida Department of Corrections. Thank you.